# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

Tareq Aqel Mohammed Aziz
    and
Ammar Aqel Mohammed Aziz,
    by their next friend,
Aqel Muhammad Aziz,
    and
John Does 1-60,

       *Petitioners*,

       v.

DONALD TRUMP, President of the United States;
U.S. DEPARTMENT OF HOMELAND SECURITY
("DHS"); U.S. CUSTOMS AND BORDER
PROTECTION ("CBP"); JOHN KELLY, Secretary
of DHS; KEVIN K. MCALEENAN, Acting
Commissioner of CBP; and WAYNE BIONDI,
Customs and Border Protection (CBP) Port Director
of the Area Port of Washington Dulles,

       *Respondents*.

Case No. __1:17cv116_____

Date: January 28, 2017

## PETITIONERS' EMERGENCY APPLICATION FOR
## A TEMPORARY RESTRAINING ORDER

1

## INTRODUCTION

Petitioners are 50 to 60 Lawful Permanent Residents ("LPRs") currently detained at Dulles Airport. Respondents have detained these individuals or otherwise barred them from exiting the airport or continuing their transit into the United States. Respondents have denied these individuals access to lawyers. Upon information and belief, respondents imminently intend to remove these individuals from the United States.

Pursuant to Fed. R. Civ. P. 65, petitioners respectfully request that this Court issue a temporary restraining order that (a) orders respondents to permit undersigned counsel or other lawyers access to petitioners, and (b) forbids respondents from removing petitioners from the United States for a period of 7 days.

## BACKGROUND

1. Petitioners Tareq Aqel Mohammed Aziz (Tareq) and Ammar Aqel Mohammed Aziz (Ammar) are two brothers of Yemeni nationality, who were granted Lawful Permanent Resident ("LPR") status by virtue of their status as immediate relatives of their father, a US citizen.

2. They landed at Washington-Dulles International Airport ("IAD") on the morning of January 28, 2017, with plans to continue on to Michigan where their father was awaiting them.

3. After conducting standard procedures of administrative processing and security checks, the federal government has deemed both Aziz brothers to be admissible to the United States as immigrants.

4. Despite these findings and Petitioner's valid entry documents, U.S. Customs and Border Protection ("CBP") blocked them from exiting IAD and detained them therein. No

magistrate has determined that there is sufficient justification for the continued detention of either of the Aziz brothers. Instead, CBP is holding them at IAD solely pursuant to an executive order issued on January 27, 2017.

5.     Lawyers have been denied access to Tareq and Ammar Aziz.

6.     Upon information and belief, respondents intend to imminently remove Tareq Aziz and Ammar Aziz from the United States absent injunctive relief from this Court.

7.     Petitioners JOHN DOES 1-60 are approximately 50-60 lawful permanent residents of the United States, most of whom are returning from trips abroad, all of whom are nationals of one of the following seven countries: Lybia, Iraq, Iran, Yemen, Syria, Sudan, Somalia.  All are in the very same situation as the Aziz brothers. All are presently being held against their will by CBP officers in the international arrivals area of Dulles Airport. All are being held in an area where other passengers disembarking from international flights can see and hear them; accordingly, there is no reason that their attorneys could not be permitted to meet with them.

8.     Respondents are also precluding these petitioners from access to lawyers.

9.     Upon information and belief, respondents intend to imminently remove these individuals from the United States.

10.    On January 28, at approximately 8:30pm, petitioners emailed the Chief of the Civil Division for the U.S. Attorney's Office, Eastern District of Virginia, to provide notice of this filing.

## ARGUMENT

11.    Petitioners will suffer irreparable harm if the requested temporary restraining order does not issue.

12. First, absent access to legal counsel, petitioners cannot meaningfully understand they legal rights and obligations—and therefore they cannot make determinations about what legal proceedings to pursue.

13. Second, if removed from the United States, petitioners are uncertain when or whether they will be permitted to return to the United States. Similarly, if removed from the United States, petitioners may lose material legal rights. Respondents may later argue, for example, that there are legal distinctions to be drawn between individuals within the United States and those outside the United States.

14. Third, the countries to which respondents would remove petitioners are unknown. Moreover, because lawyers have been denied access, the particular circumstances of each individual petitioner is unknown. There therefore exists the risk that petitioners have credible fears regarding a removal from the United States, should any petitioner be sent to a country where he or she has previously been the subject to or threatened with persecution.

15. Fourth, because petitioners have lawful permanent residence status, they are entitled to admission into the United States. Absent this Court's grant of temporary relief, the rights of these individuals to enter the United States will be irreparably denied.

16. Fifth, many petitioners have family members within the United States. The rights of these individuals to be unified with petitioners will be denied unless this Court grants the temporary relief requested.

17. For reasons explained more fully in the accompanying petition for habeas corpus, petitioners have a substantial likelihood of prevailing on the merits. All petitioners have lawful permanent residence status which entitles them to admission into the United States. No grounds of inadmissibility under the Immigration and Nationality Act apply to any petitioner. Nor is there

any reason under Title 8 of U.S. Code or Title 8 of the Code of Federal Regulations to prohibit any petitioner from entering the United States as lawful permanent residents.

## **PRAYER FOR RELIEF**

Petitioners pray that this Court grant the following relief pursuant to Fed. R. Civ. P. 65:

Issue a temporary restraining order that (a) compels respondents to permit lawyers to meet with the individuals currently detained at Dulles airport and (b) forbids respondents from removing petitioners from the United States for a period of 7 days.

    Respectfully submitted,

    Simon Sandoval-Moshenberg (VA 77110)
    LEGAL AID JUSTICE CENTER
    6066 Leesburg Pike #520
    Falls Church, VA 22041
    (703) 720-5605 / cell (434) 218-9673
    simon@justice4all.org

    Andrew J. Pincus (*pro hac vice* motion forthcoming)
    Paul W. Hughes (*pro hac vice* motion forthcoming)
    MAYER BROWN LLP
    1999 K St. NW
    Washington, DC 20001
    (202) 263-3147
    apincus@mayerbrown.com
    phughes@mayerbrown.com