IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| TAREQ AQEL MOHAMMED AZIZ, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:17-cv-116 |
| | ) | |
| DONALD TRUMP, President of the United States, et al., | ) ) | |
| | ) | |
| Respondents. | ) | |

**THE COMMONWEALTH OF VIRGINIA'S MOTION TO INTERVENE**

The Commonwealth of Virginia respectfully moves to intervene as a plaintiff in this case under Rule 24 of the Federal Rules of Civil Procedure. The Commonwealth is entitled to intervene of right under Rule 24(a) because no existing party adequately represents Virginia's interest in protecting its residents from the ongoing unlawful enforcement of the recent Executive Order, "Protecting the Nation from Foreign Terrorist Entry into the United States," signed by President Donald J. Trump on January 27, 2017.

The Commonwealth has substantial interests justifying its intervention. Virginia has a substantial interest in protecting its public universities and their faculty and students from the academic and fiscal disruption posed by the Executive Order. The Executive Order impairs the ability of students who are lawful permanent residents or present on student visas from continuing to attend Virginia's public colleges and universities. That impairment will hamper the ability of Virginia's colleges and universities to attract and retain foreign students in the future and result in a significant loss of tuition revenue to the Commonwealth. The Executive Order also hinders the travel of faculty members and other educational personnel employed by

Virginia's public colleges and universities. Faculty members and students who are unable to travel likely will be forced to forfeit their grant moneys. Moreover, Virginia has a quasi-sovereign interest "in the health and well-being—both physical and economic—of its residents in general," which will be impaired if Virginia is not permitted to intervene. *Alfred L. Snapp & Son v. Puerto Rico*, 458 U.S. 592, 607 (1982).

Alternatively, the Commonwealth should be granted permissive leave to intervene under Rule 24(b). The Commonwealth's claims against the United States share common questions of law and fact with Petitioners' claims, and no party will be prejudiced by permitting the Commonwealth's intervention at this early stage of the litigation, on the second business day after the original complaint was filed.

For the reasons provided here and in the memorandum of law in support of intervention, the Commonwealth respectfully requests that the Court grant its motion to intervene. Virginia has attached a proposed order.

Counsel for the Commonwealth has conferred with Petitioners' counsel, who has consented to the Commonwealth's intervention. Counsel for the Commonwealth has sought the position of the United States and has spoken with the First Assistant United U.S. Attorney in the Eastern District of Virginia, but as of this filing does not have the government's position.

        Respectfully submitted,

        COMMONWEALTH OF VIRGINIA,

By: _____/s/_____
     Stuart A. Raphael (VSB No. 30380)
     Solicitor General

     Office of the Attorney General
     202 North Ninth Street

                Richmond, Virginia 23219
                (804) 786-7240 – Telephone
                (804) 371-0200 – Facsimile
                sraphael@oag.state.va.us

Mark R. Herring
Attorney General of Virginia

Trevor S. Cox (VSB No. 78396)
Deputy Solicitor General
tcox@oag.state.va.us

Matthew R. McGuire
Assistant Attorney General
mmcguire@oag.state.va.us

*Counsel for Commonwealth of Virginia*

### CERTIFICATE OF SERVICE

  I hereby certify that on January 31, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the counsel of record for Petitioners and Respondents.

          By:  /s/
             Stuart A. Raphael