IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| TAREQ AQEL MOHAMMED AZIZ, et al., ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 1:17-cv-116 |
| ) | |
| DONALD TRUMP, President of the United ) | |
| States, et al., ) | |
| ) | |
| Respondents. ) | |

**VIRGINIA'S RESPONSE TO THE REQUEST
TO HOLD THE AZIZES' CASE IN ABEYANCE**

The Aziz Petitioners and Respondents (the "Government") request that the Court "hold Petitioners' claims in this case in abeyance." (ECF No. 25.) While the Commonwealth has no objection to the Azizes' claims' being held in abeyance, in light of the Government's apparent willingness to allow the Azizes to return to the United States, Virginia rejects any implication that this development somehow moots the case or justifies continuing tomorrow's hearing on pending motions. Those motions include the Commonwealth's motion to intervene and its motion for a show-cause order.

There are three reasons why Virginia could not agree to continue those motions to February 10, 2017, when the Court is now scheduled to hear Virginia's motion for a preliminary injunction (ECF Nos. 23 (motion), 31 (brief)). First, putting off the intervention motion would place the Commonwealth in the untenable position on February 10 of having to argue for a preliminary injunction without knowing if Virginia is yet "in" the case. Given the critical importance of this case to Virginia, its colleges and universities, and its residents, the

1

Commonwealth needs to know the answer to the intervention question as soon as possible, and the Government was unwilling to consent to Virginia's intervention as a condition of continuing the show-cause motion to February 10.

Second, the Government's conduct suggests that it may be maneuvering to delay the case in order to avoid having to account for whether it complied with this Court's temporary restraining order (TRO) (ECF No. 3). The TRO, issued last Saturday evening, required Respondents to permit those arriving passengers held at Dulles International Airport to have access to counsel if they were lawful permanent residents (LPRs). As shown by the declarations of Congressman Donald S. Beyer, Jr. (ECF No. 20) and pro-bono attorney-witness Edward Grass (ECF No. 30), Customs and Border Protection (CBP) officials evidently decided after receiving the TRO that "'they will not comply to allow any access.'"[1]

Virginia also has been trying since last weekend to learn from the Government the names of Virginia residents who remain detained or who have been removed from the United States. (*See* ECF No. 19-1.) Respondents have failed to respond, and their failure to permit arriving LPRs to confer with counsel has further restricted the flow of information to the Commonwealth. Had the army of pro bono lawyers who descended on Dulles last weekend been allowed to meet with the LPRs being detained there, the public and the Commonwealth would know much more about what actually transpired in the restricted area, where those arriving passengers were being held incommunicado.

In light of the fact that LPRs are still attempting to return to the United States, if the Government is violating the access-to-counsel requirements of the TRO, this Court and the Commonwealth need to know that *now*—not more than a week from now. Virginia's proposed

---

[1] Grass Decl. ¶ 4, Dkt. No. 30. *See also* Beyer Decl. ¶¶ 7-9, Dkt. No. 20.

show-cause order requires the Government's response by next Tuesday, which is reasonable under the exigent circumstances presented. The Government has been holding press conferences claiming that it promptly complied with this Court's TRO.[2] It has time to explain why it appears that not even a single LPR detained at Dulles has been allowed to see a lawyer.

Third, the Government appears to be proceeding on the incorrect assumption that it can moot Virginia's intervention motion if it rapidly settles with any named petitioners (and with new intervenors) before the Court grants intervention. The Fourth Circuit has made plain that intervention is proper at any time before the original parties' case "is *fully* resolved."[3] The Azizes' case will not be fully resolved for some time. More importantly, "the case was live when [Virginia] moved to intervene" this past Tuesday, and that is all that is necessary.[4] So even if the Government can quickly whisk the Aziz brothers back to the United States in consideration of their promise to hold their claims in abeyance until they arrive on U.S. soil, and then to dismiss them with prejudice, it does not moot Virginia's case or address Virginia's complaint that the unconstitutional Executive Order continues to inflict irreparable harm on the Commonwealth and its residents.

We acknowledge and are grateful that the Government is willing to grant waivers to assist LPRs and visa holders like the Azizes who were originally blocked entry to the United States by the Executive Order. That's a start, even though Virginia maintains that the Executive Order is unconstitutional and that those travelers should not have been categorically barred in the

---

[2] *E.g.*, *Homeland Security Secretary On Trump's Travel Ban Orders—Full News Conference* (Jan. 31, 2017), at 28:30 ("[A]s soon as we got it [Brinkema's TRO] we developed a process to give access to counsel . . . . and it was input immediately.") (statement of Acting Comm'r McAleenan).

[3] *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 475 n.2 (4th Cir. 2015) (emphasis added).

[4] *Id.*

first place, based solely on their national origin.

In short, while the Commonwealth does not object to holding the Aziz brothers' claims in abeyance while those gentlemen are rightfully returned to U.S. soil, it is important for the serious issues raised in Virginia's case to be adjudicated as soon as this Court's fair-minded consideration will allow.

        Respectfully submitted,

        COMMONWEALTH OF VIRGINIA,

        By: _____/s/_____
            Stuart A. Raphael (VSB No. 30380)
            Solicitor General

            Office of the Attorney General
            202 North Ninth Street
            Richmond, Virginia 23219
            (804) 786-7240 – Telephone
            (804) 371-0200 – Facsimile
            sraphael@oag.state.va.us

Mark R. Herring
Attorney General of Virginia

Trevor S. Cox (VSB No. 78396)
Deputy Solicitor General
tcox@oag.state.va.us

Matthew R. McGuire (VSB No. 84194)
Assistant Attorney General
mmcguire@oag.state.va.us

*Counsel for Commonwealth of Virginia*

**CERTIFICATE OF SERVICE**

      I certify that on February 2, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the counsel of record for Petitioners and Respondents.

By:   /s/_____
       Stuart A. Raphael