IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TAREQ AQEL MOHAMMED AZIZ, et al., )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>DONALD TRUMP, President of the )<br>   United States, et al., )<br>)<br>Defendants. ) | 1:17-cv-116 (LMB/TCB) |

ORDER

Before the Court are Motions to Intervene on Behalf of President Donald J. Trump et al. by two pro se movants, Janice Wolk Grenadier ("Grenadier")[1] and Raquel Okyay ("Okyay") (collectively, "movants"). Movants' filings are largely incoherent, but appear to espouse support for President Trump and the Executive Order ("EO") that is at the heart of this litigation.[2] For the reasons that follow, the motions will be denied.

Federal Rule of Civil Procedure 24(a)(2) requires a court to permit intervention by a party who "claims an interest relating to the . . . subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Fourth Circuit has articulated a three-part test for Rule 24(a)(2) intervention, requiring a movant to show: "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the

---

[1] Grenadier is no stranger to this court, having filed nine civil actions pro se in this district over the last year.

[2] Substantial portions of the two motions are identical, although Grenadier also dedicates much of her motion to discussing her personal grievances against Virginia Governor Terry McAuliffe, the Clinton family, and a divorce attorney named Ilona Grenadier.

action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." Teague v. Bakker, 931 F.2d 259, 260–61 (4th Cir. 1991).

Even when a party may not intervene as of right, a court may permit intervention when the party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(b).  The Fourth Circuit favors "liberal intervention . . . to dispose of as much of a controversy" as possible.  Feller v. Brock, 802 F.2d 722, 729 (4th Cir. 1986).  When permissive intervention is being invoked, the key question is whether the existing parties would be prejudiced by allowing the intervention.  Alt v. U.S. Envtl. Prot. Agency, 758 F.3d 588, 591 (4th Cir. 2014).  This concern that is usually minimal early in the litigation process, id., and is not a barrier in this case as the only petitioners do not oppose the interventions and the defendants cannot show prejudice.

Although the Court must review pro se filings with deference, the "special judicial solicitude with which a district court should view . . . pro se [filings] does not transform the court into an advocate." United States v. Wilson, 699 F.3d 789, 797 (4th Cir. 2012) (alterations in original) (internal quotation marks omitted).  Even viewing movants' filings with deference, they do not satisfy the standards of either Rule 24(a) or Rule 24(b).  At most, Okyay and Grenadier have articulated a generalized support for the EO, which is "an interest . . . which is held in common by all members of the public," rather than a "personal stake" that "enables a complainant authoritatively to present to a court a complete perspective upon the adverse consequences flowing from the specific set of facts undergirding his grievance." Schlesinger v. Reservists Cmte. to Stop the War, 418 U.S. 208, 220–21 (1974).  Consequently, movants lack standing to intervene in this

civil action.[3] Id. Moreover, neither movant has articulated any reason for believeing that any interest they might have in this litigation cannot be adequately represented by the parties already in this action. Accordingly, it is hereby

ORDERED that the Motions to Intervene by Grenadier [Dkt. 45] and Okyay [Dkt. 47] be and are DENIED.

To appeal this decision, a movant must file a written Notice of Appeal with the Clerk of this Court within sixty (60) days of the date of the entry of this Order. A written Notice of Appeal is a short statement stating a desire to appeal an order and identifying the date of the order the movant wants to appeal. Failure to file a timely Notice of Appeal waives the movant's right to appeal this decision.

The Clerk is directed to forward copies of this Order to counsel of record and to movants, pro se.

Entered this 6 day of February, 2017.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

---

[3] To the extent that Grenadier articulates a personalized injury, it is not related to the subject matter of this litigation but rather grows out of her own marital and financial strife. Accordingly intervention is not appropriate under Rule 24.