UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| The **Commonwealth of Virginia**, **Osman Nasreldin**, and **Sahar Kamal Ahmed Fadul**, <br><br> Intervenor-Petitioners, <br><br> v. <br><br> **Donald Trump**, the **U.S. Department of Homeland Security**, **U.S. Customs and Border Protection**, **John Kelly**, **Kevin K. McAleenan**, and **Wayne Biondi**, <br><br> Respondents. | Case 1:17-cv-00116-LMB-TCB |

**BRIEF IN SUPPORT OF CONSENT MOTION OF THE ANTI-DEFAMATION LEAGUE FOR LEAVE TO FILE AMICUS-CURIAE BRIEF IN SUPPORT OF INTERVENOR-PETITIONERS**

The Anti-Defamation League has a special interest in this litigation and can offer the Court its unique information and perspective related to the historical consequences of United States actions that deny relief to immigrants and refugees of select religious groups. The importance of that history cannot be underscored. ADL's proposed amicus-curiae brief will recount injustices of the past to provide context for the irreparable harm that has already been suffered and will be suffered in the future by those subject to Executive Order 13,769, 82 Fed. Reg. 8977 (Feb. 1, 2017), which purported to "Protect[] the Nation From Foreign Terrorist Entry Into the United States," in the absence of injunctive relief.

**INTEREST OF THE ANTI-DEFAMATION LEAGUE**

ADL is a civil-rights and human-relations organization founded in 1913 to stop the defamation of Jewish people and to secure justice and fair treatment for all. For more than one hundred years, ADL has dedicated itself to fighting prejudice and discrimination, including with

respect to immigrants and religious minorities. Through its twenty-six regional and satellite offices in the United States and international office in Israel, ADL provides information, programs, and services to fight anti-Semitism and all forms of bigotry, defend democratic ideals, and protect civil rights.

ADL is acutely familiar with the consequences of policies that refuse immigration avenues for refugees of a select nationality or religious group. ADL can provide this Court with historical support for the relief sought by the Commonwealth of Virginia and the other intervenor-petitioners, in an effort to prevent those subject to the Executive Order from immediate, irreparable harm that cannot be undone by a formal apology years later. Because of its mission and services, ADL can offer unique and important insights for the Court related to the effects of the Executive Order's provisions limiting or barring entry into the United States of persons coming from seven majority-Muslim nations.

## POINTS AND AUTHORITIES

District courts have inherent authority to grant leave to file an amicus-curiae brief. *See Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008); *cf. Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013) (recognizing that an interested person could "seek[] leave to file amicus briefs both in the district court and in this court"). That inherent authority derives from Federal Rule of Appellate Procedure 29. *See Jin*, 557 F. Supp. 2d at 136; *Smith v. Chrysler Fin. Co. L.L.C.*, No. Civ. A. 00-6003, 2003 WL 328719, at *8 (D.N.J. Jan. 15, 2003) ("District courts have inherent authority to appoint or deny *amici* which is derived from Rule 29 of the Federal Rules of Appellate Procedure.").

An amicus curiae "assist[s] the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a

proper decision." *Newark Branch, NAACP v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991). This Court therefore "has broad discretion in deciding whether to allow a non-party to participate as an *amicus curiae*." *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007).

"[N]on-party participants have been allowed at the trial level where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Tafas*, 511 F. Supp. 2d at 659 (internal quotation marks omitted). "An amicus brief should normally be allowed . . . when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. CFTC*, 125 F.3d 1062, 1064 (7th Cir. 1997) (Posner, C.J., in chambers); *see also Peters v. Jenney*, 327 F.3d 307, 319 n.13 (4th Cir. 2003) (noting that amicus-curiae brief was "helpful to the court").

ADL can offer this Court "unique information and perspective" on the legal and practical consequences of Executive Order 13,769. *See Ryan*, 125 F.3d at 1064. Since its founding more than one hundred years ago, ADL has been dedicated to securing justice and fair treatment for all, including for immigrants and refugees and those facing religious discrimination and bigotry. ADL proposes to offer historical context for the Executive Order to demonstrate the need for the injunctive relief the Commonwealth and other intervenor-petitioners seek.

Federal courts addressing challenges to Executive Order 13,769 have liberally granted leave to file amicus-curiae briefs in several district courts and the Ninth Circuit. *E.g.*, Electronic Order, *Louhghalam v. Trump*, Case 1:17-cv-10154-NMG (D. Mass. Feb. 3, 2017) (ECF No. 67) (granting motion of Massachusetts colleges and universities to appear as amici curiae). Indeed, ADL sought and was granted leave to file an amicus-curiae brief in the Eastern District of New York, Minute Order, *Darweesh v. Trump*, Case 1:17-cv-00480-CBA (E.D.N.Y. Feb. 3, 2017), and

has filed a consented-to amicus-curiae brief in the Ninth Circuit, Amicus Curiae Brief of the Anti-Defamation League in Support of Plaintiffs-Appellees at 1 n.1, *Washington v. Trump*, Case 17-35105 (9th Cir. Feb. 6, 2017) (ECF No. 44).

Courts often grant leave for nonprofit organizations like ADL to file amicus-curiae briefs in cases related to their expertise. *See, e.g.*, *Perry-Bey v. City of Norfolk, Va.*, 678 F. Supp. 2d 348, 357 (E.D. Va. 2009) (acknowledging grant of leave to NAACP to file amicus-curiae brief in voting-rights case); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (granting leave to two nonprofit organizations with "a special interest in th[e] litigation as well as a familiarity and knowledge of the issues raised therein that could aid in the resolution of th[e] case").

## CONCLUSION

ADL has both "a special interest" in this litigation and "familiarity and knowledge" of the consequences of policies that refuse immigrants and refugees of select religious groups. *See Ellsworth*, 917 F. Supp. at 846. Accordingly, ADL respectfully requests leave of the Court to file its proposed amicus-curiae brief addressing the history of this nation's treatment of refugees and that history's implications for the Court's adjudication of this case.

Dated: February 8, 2017

*Of Counsel:*

John B. Harris
Jeremy Goldman
Caren Decter
Jessica Smith
Rayna Lopyan
Lily Landsman-Roos
Lakendra Barajas
Frankfurt Kurnit Klein & Selz, P.C.
488 Madison Avenue
New York, New York 10022

Steven M. Freeman
Lauren A. Jones
Melissa Garlick
Michael Lieberman
Anti-Defamation League
605 Third Avenue
New York, New York 10158

Doron F. Ezickson
Anti-Defamation League
1100 Connecticut Avenue, Northwest,
Suite 1020
Washington, District of Columbia 20036

Respectfully submitted,

           /s/
Joshua David Rogaczewski
(Va. Bar No. 65880)
(jrogaczewski@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, District of Columbia 20001-1531
202.756.8195
202.591.2757 fax

*Counsel to the Anti-Defamation League*

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2017, I electronically filed the foregoing **Brief in Support of Consent Motion of the Anti-Defamation League for Leave To File Amicus-Curiae Brief in Support of Intervenor-Petitioners** with the Clerk of Court using the ECF system, which will send notification of such filing to all ECF participants.

                                                        /s/
Joshua David Rogaczewski
(Va. Bar No. 65880)
(jrogaczewski@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, District of Columbia 20001-1531
202.756.8195
202.591.2757 fax

*Counsel to the Anti-Defamation League*