IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| TAREQ AQEL MOHAMMED AZIZ, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | 1:17-CV-116 (LMB/TCB) |
| v. | ) | |
| | ) | |
| DONALD TRUMP, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**NOTICE TO THE COURT**

Undersigned counsel write to update this Court as to significant developments since the Court entered its preliminary injunction enjoining section 3(c) of Executive Order No. 13,769, entitled "Protecting the Nation from Foreign Terrorist Entry into the United States" (the "Old EO"), which bear on this litigation. On March 6, 2017, the President signed an Executive Order titled "Protecting the Nation from Foreign Terrorist Entry into the United States" (the "New EO," attached as Exhibit A).[1] The New EO, by its terms, will not take effect until March 16, 2017. *See* New EO, § 14. As of that date, the New EO revokes the Old EO, Executive Order No. 13,769, *see* New EO, § 13, which is the subject of this litigation, and sets forth new policies that are substantially different in form and scope than the policies articulated by the Old EO, including section 3(c) of the Old EO, which is subject to this Court's Preliminary Injunction Order entered February 13, 2017. *See* ECF 112.

---

[1] Based on the Government's representation to the Ninth Circuit that this New EO was forthcoming, the Ninth Circuit stayed en banc proceedings in that case. As of this filing, the Ninth Circuit has not yet issued a decision with respect to its call for en banc briefing from the parties, although the motions panel has issued a briefing schedule on the merits of the preliminary injunction issued by the district court.

1

Relevant to the issues before the Court, the New Executive Order (i) suspends entry for 90 days of certain foreign nationals from six of the seven countries[2] designated in Executive Order No. 13,769 who do not hold valid visas; (ii) creates a case-by-case waiver process for those foreign nationals that is integrated into the visa application and admission processes; (iii) directs a 120-day pause of certain aspects of the U.S. Refugee Admissions Program, which does not apply to refugee applicants who already have been formally scheduled for transit, and also allows for case-by-case waivers; and (iv) contains explanations in support of the newly issued policy.

In light of the New EO, undersigned counsel for the Respondents respectfully inform the Court as follows:

1.  First, it is the Government's view that the New EO excludes from its coverage all individuals who were subject to this Court's preliminary injunction order, *i.e.*, "any person who has a Virginia residence or is employed by or attends an educational institution administered by the Commonwealth of Virginia, and who, as of 5:00 p.m. Eastern Standard Time on Friday, January 27, 2017, was lawfully admitted for permanent residency in the United States, held an immigrant visa that would entitle the bearer to be lawfully admitted for permanent residency upon admission to the United States, held a valid student visa (or accompanying family or

---

[2] The suspension of entry no longer applies to nationals of Iraq because, since the Old EO was issued, "the Iraqi government has expressly undertaken steps to enhance travel documentation, information sharing, and the return of Iraqi nationals subject to final orders of removal." New EO, § 1(g). Moreover, the New EO states there exists a close cooperative relationship between the United States and the Iraqi government, a strong U.S. diplomatic presence in Iraq, a significant presence of U.S. forces in Iraq, and a commitment by Iraq to combat ISIS. *See id.* Accordingly, the New EO provides that Iraq "presents a special case," *id.*, although "[d]ecisions about issuance of visas or granting admission to Iraqi nationals should be subjected to additional scrutiny to determine if applicants have connections with ISIS or other terrorist organizations, or otherwise pose a risk to either national security or public safety." *Id.*; *see also* New EO, § 4.

spousal visa), or held a valid work visa (or accompanying family or spousal visa)." ECF 112 at 1.

The suspension of entry provisions now apply to nationals of Iran, Libya, Somalia, Sudan, Syria, and Yemen who are outside the United States on the New EO's effective date of March 16, 2017, do not have a valid visa on that date, and did not have a valid visa as of 5:00 p.m. Eastern Standard Time on January 27, 2017. *See* New EO, § 3(a). The New EO specifically excludes from its coverage, among other things:

- lawful permanent residents;

- any foreign national admitted to or paroled into the United States on or after the New EO's effective date;

- any individual who has a document other than a visa, valid on the effective date of the New EO or issued anytime thereafter, that permits the individual to travel to the United States and seek entry or admission, such as advance parole;

- any dual national traveling on a passport not issued by one of the six designated countries;

- any foreign national traveling on diplomatic, diplomatic-type, or other specified visas; and

- any foreign national who has been granted asylum, any refugee already admitted to the United States, or any individual granted withholding of removal, advance parole, or protection under the Convention Against Torture.  *See id.*, § 3(b).

These provisions explicitly exclude from the New EO all individuals subject to this Court's February 13, 2017 Preliminary Injunction Order.[3] Moreover, the New EO directs that it

---

[3] Although beyond the scope of this Court's current injunctive order, the New EO also includes waiver provisions for numerous categories of aliens without valid visas, including aliens who may seek to come the United States due to a relationship with a U.S. resident or institution, *id.*, §

shall not be the basis for the revocation of any visa, and does not apply to people in the United States, including those professors or students with a relationship to the Commonwealth or its universities. *Id.*, §§ 3(a), 12(c). It is thus respectfully submitted that the New EO falls outside of this Court's injunction. *See, e.g.*, *Diffenderfer v. Central Baptist Church of Miami, Inc.*, 404 U.S. 412, 414-415 (1972) (per curiam); *accord Fusari v. Steinberg*, 419 U.S. 379, 387-90 (1975). Accordingly, undersigned counsel respectfully submit that nothing in this Court's current injunctive order precludes the Executive Branch from enforcing the terms of the New EO as of its effective date, March 16, 2017.

2. Second, following the filing of the Notice, undersigned counsel will contact counsel for the Commonwealth of Virginia to meet and confer concerning a joint scheduling order governing future proceedings before this Court.

3. Third, given the foregoing, the Government respectfully submits that the New EO does not present a need for the same type of emergency, expedited litigation that occurred with respect to Virginia's challenge to the Old EO. The concerns relied upon by the Commonwealth in bringing this action are no longer at issue. Indeed, by its own terms, the new EO will apply only to specified foreign nationals from the six countries who: (a) are outside the United States on the effective date of the new EO; (b) did not have a valid visa at 5 p.m. Eastern Standard Time on January 27, 2017; and (c) do not have a valid visa on the effective date of the new EO. *See* New EO, § 3. As to those individuals from the six countries covered by the New EO – *i.e.* covered aliens overseas without a valid visa – applying for visas prospectively, the Government notes that the visa application and approval process can often be a lengthy one, and the type of

---

3(c), and once a recipient receives such a waiver and thereafter is lawfully admitted to the United States, *see* 8 U.S.C. § 1101(a)(13)(A), he or she will not be required to secure another waiver in order to leave and then return to the United States. New EO § 3(b)(ii).

temporary pause in entry directed by the New EO will not cause immediate harm where applicants have no entitlement to a visa or travel document and may normally wait a period of months or longer for ultimate approval and issuance of a visa or travel document if found eligible. Notably, however, no such individuals are at issue in this litigation at this time, and even if they were, the New EO provides robust waiver authority under which such individuals may seek relief if they wish to travel to the United States.

Thus, the Government respectfully submits that, to the extent Plaintiff has any basis to challenge the New EO, proceedings in this matter should proceed in a manner to allow this Court a more complete opportunity to assess any constitutional claims plaintiff may have concerning the provisions of the New EO.

Respectfully submitted,

DANA J. BOENTE
United States Attorney

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

WILLIAM PEACHEY
Director
Civil Division, Office of Immigration Litigation

By:       /s/
DENNIS C. BARGHAAN, JR.
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3891
Fax:       (703) 299-3983
Email:  dennis.barghaan@usdoj.gov

EREZ REUVENI
Senior Litigation Counsel
Civil Division, Office of Immigration Litigation
P.O. Box 868
Ben Franklin Station
Washington, D.C.  20044

                                          Telephone:  (202) 307-4293
                                          Fax:          (202) 616-8962
                                          Email:  erez.r.reuvani@usdoj.gov

DATE: March 6, 2017                                ATTORNEYS FOR RESPONDENTS

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2017, I electronically filed the foregoing Notice using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record:

Stuart Alan Raphael
Office of the Attorney General (Richmond)
202 North 9th Street
Richmond, Virginia 23219
Email: sraphael@oag.state.va.us

Dated: March 6, 2017      By:      /s/_____
DENNIS C. BARGHAAN, JR.
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3891
Fax:      (703) 299-3983
Email:  dennis.barghaan@usdoj.gov

ATTORNEYS FOR RESPONDENTS